UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MINELIZ COLON-VIERA,

     Plaintiff,

     v.

MICHAEL J. ASTRUE,

     Defendant.

Civil No. 09-2272 (JAF)

**OPINION AND ORDER**

Plaintiff petitions this court under 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for disability benefits. (Docket Nos. 2; 10.) Commissioner files a memorandum defending Commissioner's denial (Docket No. 18), and Plaintiff files a memorandum challenging it (Docket No. 21).

**I.**

**Background**

We derive the following facts from the transcript of the record in this case ("R."). Plaintiff was born on September 29, 1974. (R. at 49.) She received a Bachelor's degree in Secretarial Science from the Interamerican University of Puerto Rico in 1997. (Id.) Upon graduation, she worked as a secretary for a law firm until she lost her job in August 1998. (R.

Civil No. 09-2272 (JAF)                                                                      -2-

1    at 48, 763–65.)  Subsequently, she worked at a pizzeria as a cashier until she quit because of

2    pregnancy in early 1999.  (R. at 48, 764–65.)

3         Plaintiff claims that she was fired from her job because of the frequency of her

4    emergency room visits, and claims that her doctor ordered her to stop working in 1999 because

5    her asthma rendered her pregnancy "high risk."  (R. at 765.)  Plaintiff claims that she later tried

6    to work briefly in 2001 and 2005, but again stopped working because of her asthma.  (R. at

7    770.)

8         On July 2, 2004, Plaintiff applied for Social Security disability benefits.  (R. at 42.)  She

9    claimed that she was disabled under the Social Security Act ("Act") on account of her asthma

10   and thyroid conditions.  (R. at 40.)  On December 22, 2004, Commissioner determined that

11   Plaintiff was not disabled and, accordingly, was not entitled to disability benefits under the Act.

12   (R. at 33.)  Plaintiff requested reconsideration of the determination, and on April 26, 2005,

13   Commissioner affirmed the denial.  (R. at 40.)

14        On June 17, 2005, Plaintiff requested a hearing before an administrative law judge

15   ("ALJ") (R. at 25), which took place before ALJ Gilbert Rodríguez, on April 23, 2007 (R. at

16   16–20.)  Plaintiff attended the hearing with counsel and testified regarding her alleged

17   disability. (Id.) On the basis of that testimony and evidence discussed below, the ALJ rendered

18   a decision on November 2, 2007, determining that Plaintiff is not disabled and denying her

19   benefits under the Act.  (R. at 16–20.)  On November 19, 2007, Plaintiff requested review of

20   the ALJ decision from the Appeals Council (R. at 9) and, on October 29, 2009, the Appeals

1    Council denied her that review (R. at 5–9).  Finally, on December 22, 2009, Plaintiff filed the

2    instant case for judicial review of Commissioner's decision.  (Docket Nos. 2; 10.)

3                                                    II.

4                                       **Standard of Review**

5            An individual is disabled under the Act if she is unable to do her prior work or,

6    "considering [her] age, education, and work experience, engage in any other kind of substantial

7    gainful work which exists in the national economy." 42 U.S.C. § 423(d).  The Act provides that

8    "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence,

9    shall be conclusive."  § 405(g).  Substantial evidence exists "if a reasonable mind, reviewing

10   the evidence in the record as a whole, could accept it as adequate to support [the] conclusion."

11   Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting

12   Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

13           We must uphold Commissioner's decision if we determine that substantial evidence

14   supports the ALJ's findings, even if we would have reached a different conclusion had we

15   reviewed the evidence de novo.  Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128

16   (1st Cir. 1981).  In reviewing a denial of benefits, the ALJ must have considered all evidence

17   in the record.  20 C.F.R. § 404.1520(a)(3).  Credibility and "[c]onflicts in the evidence are . . .

18   for the [ALJ] — rather than the courts — to resolve." Evangelista v. Sec'y of Health & Human

19   Servs., 826 F.2d 136, 141 (1st Cir. 1987).  We reverse the ALJ only if we find that he derived

Civil No. 09-2272 (JAF)                                                                                          -4-

1    his decision "by ignoring evidence, misapplying the law, or judging matters entrusted to

2    experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

### III.

### Analysis

5           Plaintiff contends that the ALJ erred in finding that Plaintiff did not suffer from a

6    "severe" medically-determinable impairment or combination of impairments on or before

7    June 30, 2000, the date Plaintiff last met the Act's disability insured status requirement.[1]  (R at

8    16–20.)

9           We analyze this contention below with respect to the ALJ's determination that neither

10   asthma nor any of her other ailments constituted a severe impairment.

### A.   Severe Impairments

12          We find there was substantial evidence to support the ALJ's determination that Plaintiff

13   failed to establish that a medically-severe impairment or combination of impairments existed

14   on or before June 30, 2000, the date Plaintiff was last insured.[2]  (R. at 18–20.)  The Act defines

---

[1] As Plaintiff was under the age of thirty-one, she must have had quarters of coverage "in at least one-half of the quarters during the period ending with that quarter and beginning with the quarter after the quarter you became age 21." 20 C.F.R. § 404.130(c).  Based on the earnings posted in Plaintiff's record, she had to show that she was disabled on or before June 30, 2000, when she last met the Act's insured status requirement (R at 18–20).

[2] The Act outlines a five-step inquiry to determine whether a claimant is disabled.  Step one focuses on the claimant's work activity; if claimant is "doing substantial gainful activity," he will be found "not disabled." 20 C.F.R. § 404.1520(a)(4).  Step two determines whether a claimant's impairment(s) meet the Act's severity and duration requirements.  Id.  A claimant bears the burden of proof "at step one of showing that he is not working, [and] at step two that he has a medically severe impairment or combination of impairments. . . ." Bowen v. Yuckert, 482 U.S. 137, 146, n.5, (1987).  The ALJ found Plaintiff was not disabled at step two and, in accordance with the Act, he did not go on to the next steps of the inquiry.  (R. at 19–20.)

1    a severe impairment as an "impairment or combination of impairments" that "significantly

2    limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R.

3    § 404.1520(c).  Plaintiff "is not entitled to disability benefits unless [she] can demonstrate that

4    [her] disability existed prior to the expiration of [her] insured status." Rivera v. Sec'y of Health

5    & Human Servs., 818 F.2d 96, 97 (1st Cir. 1986) (citing Deblois v. Sec'y of Health & Human

6    Servs., 686 F.2d 76, 80-81 (1st Cir. 1982)) (upholding rejection of disability benefits claim

7    when record contained no evidence of condition on or prior to date last insured).

8          The record is full of documentation of Plaintiff's inpatient and outpatient treatment for

9    her asthma in more recent years, but contains no evidence—apart from Plaintiff's unsupported

10   and unelaborated testimony—that Plaintiff received treatment for asthma or thyroid conditions

11   on, or prior to, June 30, 2000.[3]

12         The ALJ concluded that there was no medical evidence in the record suggesting that

13   Plaintiff's asthma—or any other physical impairment—affected her ability to work.  (R. at 19.)

14   The ALJ found that Plaintiff seemed "to have developed active respiratory pathology and

15   symptoms since 2002, with apparent worsening in 2004, [but] such conditions are established

16   well after June 30, 2000 . . . ."  (R. at 19.)  Minimal evidence of Plaintiff's asthma condition

---

[3] The record does not contain evidence of any hospitalization or urgent care for asthma prior to or on June 30, 2000.  Plaintiff testified at her hearing that her first hospitalization for asthma had occurred in either 2000 or 2001, but she couldn't remember the date.  (R. at 771.)  The first urgent care visit documented in the record is a visit to the emergency room of Massachusetts General Hospital on August 7, 2000, for an upper respiratory infection.  (R. at 88.)  Nor does the record contain any documentation or evidence to corroborate Plaintiff's claim that her doctor ordered her to stop working due to her "high risk" pregnancy in 1999.  (R. at 764–65.)

1    prior to the year 2000 exists in the record;[4] a Prenatal Record evaluation form dated

2    November 20, 1996, has "bronchial asthma" and "allergies" listed in the patient history section.

3    (R. at 72.)  Such minimal evidence of Plaintiff's asthma prior to 2000 is dwarfed by the

4    hundreds of pages documenting the treatment she received for asthma after 2004.  (See R. at

5    243–504.)

6          The ALJ did not find Plaintiff's claims of symptoms from the relevant time period to be

7    credible.  (R. at 19.)  While an ALJ can employ lay evidence in determining a date of onset for

8    a certain condition, such evidence must complement the available medical evidence in the

9    record.  Simpson v. Barnhart, 217 F. Supp. 2d 166, 169 (D. Me. 2002) (noting that ALJ may

10   refer to lay evidence to determine date of onset as long as such information does not contradict

11   medical evidence) (citing SSR 83-20 (Cum. Ed. 1983)).  In the present case, however, there was

12   no medical evidence in the record for Plaintiff's testimony to complement.

13         We agree with the ALJ that Plaintiff's self-reports of symptoms alone could not support

14   her claims.  See SSR 96-4p, 1996 SSR LEXIS 11 (July 2, 1996) ("No symptom or combination

15   of symptoms by itself can constitute a medically determinable impairment.  In claims in which

16   there are no medical signs or laboratory findings to substantiate the existence of a medically

17   determinable physical or mental impairment, the individual must be found not disabled at step

18   2 . . . .").

---

[4] This court has not considered portions of the record that are illegible to this court or to the translator.

Civil No. 09-2272 (JAF)                                                                                -7-

1      Having reviewed all medical records regarding her physical impairments during the

2   relevant time period (R. at 72–73, 84–85, 88, 102–03, 104–07, 116–20), we determine that

3   substantial evidence supports the ALJ's determinations.  We, therefore, uphold the ALJ's

4   attendant conclusion that Plaintiff is not disabled.

5                                                              **IV.**

6                                                         **<u>Conclusion</u>**

7      In view of the foregoing, we hereby **AFFIRM** Commissioner's determination.  We

8   **DENY** Plaintiff's petition (Docket Nos. 2; 10) and **DISMISS WITH PREJUDICE** all claims

9   therein.

10          **IT IS SO ORDERED.**

11          San Juan, Puerto Rico, this 29th day of March, 2011.

12                                          s/José Antonio Fusté
13                                          JOSE ANTONIO FUSTE
14                                          Chief U.S. District Judge